# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KELLIE LOEB,

        Plaintiff,

v.

CHAMPION PETFOODS USA INC.
and CHAMPION PETFOODS LP,

        Defendants.

Case No. 18-CV-494-JPS

**ORDER**

    This is a putative class action alleging that Defendants deceptively marketed their dog food as being of high quality when, in reality, it was contaminated with harmful heavy metals. (Docket #1). The Court in large measure denied Defendants' motion to dismiss the case on June 7, 2018. (Docket #19). Thereafter, the parties appeared to proceed with discovery. *See* (Protective Order, Docket #21; Defendants' Answer, Docket #22).

    On July 13, 2018, Plaintiff filed an expedited motion asking the Court to order Defendants to take down a website they created concerning the subject matter of this action. (Docket #23). Plaintiff states that in response to this and other lawsuits filed against Defendants over their allegedly tainted products, Defendants established a website called www.championpetfoodsfacts.com, which discusses the lawsuits. The website claims that the lawsuits are baseless and that plaintiffs' counsel are simply "trying to get a payday." (Docket #23-2 at 2). According to Plaintiff, this not only misleads potential class members about the merits of the action, but unjustifiably turns them against Plaintiff and her counsel. Plaintiff further contends that Defendants' website mischaracterizes the

Court's ruling on the motion to dismiss to make it seem more favorable to them. Plaintiff asks that the Court order Defendants to remove "all false and misleading statements" from the website and require them to obtain Court approval before posting anything else about the case.

Generally, parties in a class action are free to communicate with potential class members. *E.E.O.C. v. Mitsubishi Motor Mfg. of Am., Inc.*, 102 F.3d 869, 870 (7th Cir. 1996). Courts are nevertheless empowered to limit such communications in order to prevent parties from abusing them. Fed. R. Civ. P. 23(d); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99–102 (1981). If a party wants a court to exercise this power, it must establish a "clear" and "specific" record of how the problematic communications are abusing the right to address potential class members. *Gulf Oil*, 452 U.S. at 101–02. If the Court imposes a restriction in this vein, it must be "a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." *Id.* at 102.

The Court finds that Plaintiff has failed to make a clear showing of abusive communications. To be sure, Defendants' website portrays this action negatively. That is not, however, abusive. Just as Plaintiffs are free to offer their opinion (in their complaint or otherwise) about the quality of Defendants' products, so too are Defendants entitled to assert that those allegations are false. Defendants do not directly discourage any potential class member from participating or threaten them with negative consequences if they do. *See DeKeyser v. Thyssenkrupp Waupaca, Inc.*, Case No. 08-CV-488, 2008 WL 11383774, at *4-5 (E.D. Wis. Dec. 18, 2008) (collecting cases finding abusive communications when a party threatens monetary or employment consequences for involvement in the lawsuit). Further, Plaintiff has offered no specific evidence that its fear of class

manipulation has been realized or is even threatened. Finally, Plaintiff's concern about misrepresentation of the Court's order on the motion to dismiss appears to have been rectified. *See* (Docket #24 at 3).[1] Plaintiff's motion must, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to restrict Defendants' communications with putative class members (Docket #23) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1] Though the Court need not reach the issue, it believes that Plaintiff's desired restrictions are also nigh unworkable in practice. Who is to determine whether a particular statement is "false and misleading"? The Court would be forced to conduct a merits-type assessment of the case each time Defendants updated their website. Further, it would be monumentally restrictive on Defendants (not to mention a burden on the Court) to have the Court pre-approve each of their desired communications.